United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-51074

LAMAR HOMES, INC.

Plaintiff-Counter-
Defendant-Appellant,

VERSUS

MID CONTINENT CASUALTY COMPANY,

Defendant-Counter-Claimant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

_____

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lamar Homes, Inc. ("Lamar") filed suit against its insurer, Defendant-Appellee Mid-Continent Casualty Company ("Mid-Continent"), in Texas state court seeking a declaration that Mid-Continent's comprehensive general liability policy covered the claim asserted against Lamar by an insured homeowner and that Mid-Continent owed Lamar a defense in that suit. The homeowner alleged that Lamar was negligent and failed to design

and/or construct the foundation of their residence in a good and workmanlike fashion in accordance with implied and express warranties. Mid-Continent removed the case to federal court. On cross-motions for summary judgment on Mid-Continent's duty to defend Lamar, the district court held that (1) the underlying claim for damages from construction errors essentially presented either a claim based on a breach of contract or breach of warranty; and therefore (2) Mid-Continent did not have a duty to defend under its CGL policy because such construction errors are not covered by CGL policies as a matter of law.

On appeal, we recognized that the case involved a determinative question of state law for which there was no controlling precedent; therefore, we certified the following questions to the Supreme Court of Texas:

1.

When a homebuyer sues his general contractor for construction defects and alleges only damage to or loss of use of the home itself, do such allegations allege an "accident" or "occurrence" sufficient to trigger the duty to defend or indemnify under a CGL policy?

2.

When a homebuyer sues his general contractor for construction defects and alleges only damage to or loss of use of the home itself, do such allegations allege "property damage" sufficient to trigger the duty to defend or indemnify under a CGL policy?

3.

If the answers to certified questions 1 and 2 are answered in the affirmative, does Article 21.55 of the Texas Insurance Code apply to a CGL insurer's breach of the duty to defend?

<u>Lamar Homes, Inc. v. Mid Continent Casualty Company</u>, 428 F.3d 193 (5th Cir. 2005). The Texas Supreme Court, with explanation, answered that:

> We conclude that allegations of unintended construction defects may constitute an "accident" or "occurrence" under the CGL policy and that allegations of damage to or loss of use of the home itself may also constitute "property damage" sufficient to trigger the duty to defend under a CGL policy. Accordingly, as to the duty to defend, we answer the first two questions, yes. We do not reach the duty to indemnify, however, as that duty is not triggered by allegations but rather by proof at trial. We further conclude that former article 21.55 (recodified as sections 542.051-.061 of the Texas Insurance Code) does apply to an insurer's breach of the duty to defend and accordingly answer the third question, yes.

<u>Lamar Homes, Inc. v. Mid-Continent Cas. Co.</u>, 2007 Tex. LEXIS 797 (Tex. 2007). In light of this answer, we VACATE the judgment of the district court and REMAND the case to the district court for further proceedings consistent with the opinion of the Supreme Court of Texas. Costs shall be borne by Defendant-Appellee.

VACATED and REMANDED.